J-S06013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KHALIAF ALSTON :
:
Appellant : No. 1255 EDA 2020

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0902311-2006

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED APRIL 21, 2021**

Khaliaf Alston appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on February 7, 2020, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. For the reasons discussed below, we find the PCRA court properly denied Alston relief and affirm.

A jury found Alston guilty of attempted murder, robbery, conspiracy to commit robbery, aggravated assault, and possessing an instrument of crime. The charges stemmed from his arrest in December 2005 for an incident in which Alston shot a victim through the eye while robbing him. On February 1,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2008, Alston was sentenced to an aggregate term of forty to eighty years' imprisonment. Alston did not file post-sentence motions or a direct appeal.

In 2008, Alston successfully sought and was granted post-conviction relief by having his direct appeal right restored *nunc pro tunc*, based on trial counsel's failure to file a direct appeal as directed by Alston. Thereafter, in August 2009, Alston filed a timely *nunc pro tunc* notice of appeal. However, his appellate counsel failed to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), as well as a docketing statement in this Court pursuant to Pa.R.A.P. 3517. This Court subsequently dismissed the appeal due to these failures.

In 2010, Alston again sought reinstatement of his direct appeal rights, this time based on ineffective assistance of previous appellate counsel, for counsel's failure to file a Rule 1925(b) statement and Rule 3517 docketing statement. The Commonwealth agreed to the reinstatement of Alston's direct appeal rights *nunc pro tunc*.

In January 2012, Alston filed a direct appeal with this Court. On May 17, 2013, we affirmed his judgment of sentence. **See *Commonwealth v. Alston***, 385 EDA 2012 (Pa. Super. filed May 17, 2013) (unpublished memorandum). On November 15, 2013, the Pennsylvania Supreme Court denied Alston's petition for allowance of appeal. Alston did not appeal to the United States Supreme Court. Alston subsequently filed an unsuccessful PCRA petition. On

- 2 -

appeal, we affirmed the PCRA court's order dismissing the PCRA petition on March 28, 2017.

On March 29, 2019, Alston filed a new *pro se* PCRA petition in which he argued trial counsel was ineffective for failing to call a witness. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 7, 2020, the PCRA court issued an order dismissing the petition. This appeal followed.

Initially, we address the timeliness of this appeal. The notice of appeal is hand-dated March 29, 2020, and was not docketed until June 24, 2020. As this is more than 30 days after February 7, 2020, the appeal initially appears to be untimely. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

However, "[i]n a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000). The rules of criminal procedure require docket entries to contain the date of receipt in the clerk's office of the order, the date appearing on the order, and the date of service of the order. *See* Pa.R.Crim.P. 114(C)(2). Our review of the docket reveals the clerk failed to note the date of service of the order on the docket. Therefore, "the period for taking an

- 3 -

appeal was never triggered" and we consider Alston's March 29, 2020 notice of appeal timely. ***Jerman***, 762 A.2d at 368.

Prior to reaching the merits of Alston's claims on appeal, we must consider the timeliness of his PCRA petition. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Alston's judgment of sentence became final on February 13, 2014, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than five years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Alston's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Alston has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Alston

failed to make any attempt to plead an exception in his petition. **See** *Pro Se* PCRA Petition, filed March 29, 2019.

Even if we were to accept Alston's claims of a time-bar exception raised for the first in his response to the Commonwealth's motion to dismiss the PCRA petition, we find they are without merit. Alston asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on an affidavit he submitted from a witness, Jerome King, who he claims was willing to testify at trial. He further invokes the governmental interference exception, Section 9545(b)(1)(i), based on his claim that the District Attorney's office prevented him from contacting King due to a separation order.

Section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." **See Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008); **see also Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1269 (Pa. 2008) (holding an affidavit alleging perjury did not bring petitioner's claim of fabricated testimony within the scope of section 9545(b)(1)(ii) because the only "new" aspect of the claim was a new witness had come forward to testify regarding the previously raised claim).

Here, the actual "fact" for purposes of Section 9545(b)(1)(ii) is that, on the night in question, Alston was dropped off at his girlfriend's house and he never returned back to the bar where the shooting occurred. This is not a "newly discovered fact." It is clear Alston knew where he was on the night in question and could have brought this fact up sooner. In fact, Alston attempted to raise this fact in his prior PCRA petition, although through two different witnesses. The "fact" that another witness was willing to testify to previously known facts does not satisfy the newly discovered fact exception to the PCRA's time-bar.

Alston further attempts to couch this same claim in terms of ineffective assistance of trial counsel for failure to call King as a witness at trial. However, attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts. *See Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *see also Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Further, Alston knew of the existence of King as a potential witness at trial, and knew his counsel had not secured King's presence at trial. He therefore could have raised this matter sooner, or at the very least in his previously filed PCRA petition, in which he confusingly raised claims of trial counsel's failure to call two other witnesses, without raising a claim based on King.

Finally, Alston fails to develop his claim of governmental interference. While he asserts such a claim in his statement of issues presented on appeal, he fails to make any specific argument regarding the alleged governmental interference in the body of his brief. It is not clear to us why it was "impossible" for him to secure an affidavit from King for over a decade, a witness he has admittedly known about since trial.

As the PCRA court properly concluded Alston's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/21/2021*